# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER TAYLOR, | ) | CASE NO. 2:12-cv-44 |
| | ) | |
| Plaintiff, | ) | JUDGE EDMUND A. SARGUS |
| | ) | |
| vs. | ) | MAGISTRATE NORAH McCANN KING |
| | ) | |
| | ) | **DEFENDANT'S MOTION FOR** |
| SPECIALTY RESTAURANTS CORP., | ) | **SUMMARY JUDGMENT** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant, Specialty Restaurants Corporation, pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby moves this Court for summary judgment as there are no genuine issues of material fact in dispute and defendant is entitled to judgment in its favor, as a matter of law.  A Memorandum in Support is attached hereto and incorporated herein by reference.

Respectfully submitted,

*/s/ Edwin J. Hollern*

**EDWIN J. HOLLERN (0040534)**
HOLLERN & ASSOCIATES
77 North State Street
Westerville, Ohio 43081
(614) 839-5700; 839-4200 (Fax)
ehollern@ejhlaw.com

Trial Attorney for Defendant

**MEMORANDUM IN SUPPORT**

**INTRODUCTION**

Plaintiff, Christopher Taylor, claims that he suffered from a qualifying disability while employed by defendant, Specialty Restaurants Corporation (hereinafter referred to as SRC), and that SRC violated the Americans with Disabilities Act, 42 U.S.C. 12101 et seq. (ADA) when SRC allegedly failed to accommodate plaintiff's disabilities and by terminating him due to his disabilities and/or due to his complaints about SRC's failure to accommodate him due to his disabilities. See, Complaint, ¶17. Plaintiff also claims that SRC violated O.R.C. 4112.01 et seq. for the same reasons. See, Complaint, ¶22. The basis for the alleged disability is a claim that plaintiff suffered from clinical depression, acute anxiety, and panic attacks. See, Complaint, ¶9.

SRC denies the allegations of plaintiff for several reasons. First, plaintiff voluntarily resigned from his position of General Manager of the SRC owned restaurant known as The River Club, located in Columbus, Ohio. See, Affidavit of Robert Caldwell, attached hereto as Exhibit A. Plaintiff was not terminated. In fact, he was permitted to stay on as General Manager for nearly six weeks after his resignation was accepted in order to assist SRC in the transition period until a new General could be hired. See, Exhibit A.

Second, plaintiff has never produced any objective medical evidence that he suffers from a qualifying disability or that the alleged disability resulted in some sort of limitation to plaintiff's ability to work for SRC. Despite this Court's May 23, 2013 Pretrial Order requiring plaintiff to identify his experts and to comply with Civ.R. 26(a)(2)(C), plaintiff has never identified any mental health expert who can establish that plaintiff suffers from a qualifying disability. Further, plaintiff has never set forth the factual basis for an expert to render an

opinion on plaintiff's alleged mental health or a summary of the opinions, contrary to the requirements of Civ.R. 26 (a)(2)(C)(i) and (ii).

Finally, plaintiff has never responded to the Requests for Admission that were propounded upon him on April 27, 2012.  Attached as Exhibit B.  Request for Admission No. 1 required plaintiff to respond to the following:

**REQUEST FOR ADMISSION NO. 1**

Admit that plaintiff voluntarily resigned from Specialty Restaurants Corporation.

**ANSWER:**

Civ.R. 36(a)(3) requires a party to respond to a Request for Admission within thirty days.  The failure to respond results in the Request being deemed admitted.  Thus, for purposes of this matter plaintiff has admitted that he voluntarily resigned from Specialty Restaurants Corporation.

**MOVANT'S POSITION**

As indicated above, plaintiff has failed to name any experts to support his claim that he suffered from a qualifying disability while he was employed by SRC.  Within the period for discovery plaintiff has failed to produce any evidence that he suffered from a qualifying disability.  Plaintiff has failed to produce any evidence that a qualifying disability resulted in an impairment that would require SRC to accommodate his limitations.

Further, SRC has provided evidence that plaintiff voluntarily resigned from SRC. Plaintiff, through his failure to respond to the Request for Admission served on his counsel on April 27, 2012, has admitted that he voluntarily resigned from SRC.  Thus, plaintiff has not and cannot demonstrate that an adverse employment action was taken by SRC due to plaintiff's

alleged and unproven handicap. Plaintiff has failed to demonstrate a prima facie case of a violation of employment discrimination under either the federal or state statutory schemes.

## LAW AND ARGUMENT

A. **PLAINTIFF HAS NOT IDENTIFIED ANY EXPERT WITNESSES OR PROVIDED SUMMARIES OF ANY FACTS OR OPINIONS OF EXPERT WITNESSES TO SUPPORT HIS CLAIM THAT HE SUFFERED A QUALIFYING DISABILITY OR THAT AN ALLEGED QUALIFYING DISABILITY RESULTED IN AN IMPAIRMENT.**

A person seeking relief under the ADA for termination must establish (1) that he is a disabled person within the meaning of the Act, (2) that he is qualified to perform the essential functions of his job with or without reasonable accommodation, and (3) that he suffered an adverse employment decision because of his disability. *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1179 (6th Cir.1996). The ADA provides this definition of disability:

> The term "disability" means, with respect to an individual--
>
> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
> (B) a record of such an impairment; or
>
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2).

The ADA empowers the Equal Employment Opportunity Commission ("EEOC") to promulgate regulations that will further define the scope and reach of the statute. 42 U.S.C. § 12116. The EEOC has defined "major life activity" to include both caring for oneself and working. 29 C.F.R. § 1630.2(i).

An individual seeking redress for alleged discrimination under the ADA can proceed by

4

presenting direct evidence of discrimination, or by introducing indirect or circumstantial evidence of discrimination, sufficient to establish a prima facie case or presumption of discrimination.  Where a plaintiff uses the indirect method of proof by establishing a prima facie case of discrimination, the burden shifts to the employer to produce evidence of a legitimate nondiscriminatory reason for the adverse employment decision.  *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Monette,* 90 F.3d at 1185-86.  Under the burden shifting approach of the *McDonnell Douglas* formula, if the employer articulates a legitimate, nondiscriminatory reason for the employment action, the burden shifts back to the plaintiff to show that the employer's stated reason is pretextual by providing evidence from which a jury could determine that the adverse action was based solely on the employee's disability.  *Monette,* 90 F.3d at 1185-86.  Where the plaintiff chooses the direct method of proof, the burden does not shift to the employer to articulate a legitimate nondiscriminatory reason for the adverse employment action. *Id.* at 1180. Instead, the employee must show that the adverse action was based solely on his or her disability. *Id.*, See, also, *Anthony v. United Telephone Co. of Ohio*, 277 F.Supp.2d 763 (N.D.Ohio 2002).

In *Taylor v. Principal Financial Group, Inc.*, 93 F.3d 155 (5th Cir. 1996), the Court of Appeals discussed the distinction between a disability and a limitation secondary to a disability and, more importantly the relationship of the two to a valid ADA claim, as follows:

> For purposes of proving ADA discrimination, it is important to distinguish between an employer's knowledge of an employee's disability versus an employer's knowledge of any limitations experienced by the employee as a result of that disability. This distinction is important because the ADA requires employers to reasonably accommodate limitations, not disabilities. "The determination of whether an individual has a disability is not necessarily based on the name or diagnosis of the impairment the person has, but rather on the effect of

5

that impairment on the life of the individual." 29 C.F.R. 1630.2(j), App. (1995); 42 U.S.C. § 12112(a)(5)(A) ("[T]he term 'discriminate' includes ... not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability....") (emphasis added); 29 C.F.R. 1630.9, App. (1995) ("Employers are obligated to make reasonable accommodations only to the physical or mental limitations resulting from the disability that is known to the employer.") (emphasis added).

To illustrate the distinction between a disability and a limitation resulting from a disability, consider the following hypothetical of two hearing-impaired employees: One hearing-impaired employee is an assembly worker who suffers no job limitations as a result of her hearing-impairment disability; she is able to perform the essential functions of her job without accommodation. The other hearing-impaired employee, however, is a telephone operator who, because of her inability to hear, is limited in her ability to perform the essential functions of her job; this disabled employee may require a reasonable accommodation as a result of her impairment. Both employees are disabled, but only one employee is limited by her disability.

As noted by the Equal Employment Opportunity Commission ("E.E.O.C.") in its interpretive guide to the ADA, "[s]ome impairments may be disabling for particular individuals but not for others, depending on the stage of the disease or the disorder, the presence of other impairments that combine to make the impairment disabling or any number of other factors." 29 C.F.R. 1630.2(j), App. (1995). Thus, while a given disability may limit one employee (and therefore necessitate a reasonable accommodation), it may not limit another. For this reason, the ADA does not require an employer to assume that an employee with a disability suffers from a limitation. In fact, better public policy dictates the opposite presumption: that disabled employees are not limited in their abilities to adequately perform their jobs. Such a policy is supported by the E.E.O.C.'s interpretive guide: employers "are prohibited from restricting the employment opportunities of qualified individuals with disabilities on the basis of stereotypes and myths about the individual's disability. Rather, the capabilities of qualified individuals must be determined on an individualized, case by case, basis." 29 C.F.R. 1630.5, App. (1995). [7] Accordingly, it is incumbent upon the ADA plaintiff to assert not only a disability, but also any limitation resulting therefrom. In the instant case, Taylor failed to adduce any summary judgment evidence showing that he told Principal Mutual that he was limited as a result of his alleged disability.

In the matter at bar, plaintiff has failed to produce any expert mental health evidence to support his claim that he was disabled, or that he suffered from depression, or that his alleged

6

disability resulted in limitations.  Expert testimony is necessary to prove that he was disabled and that he had limitations that resulted from the disability.  Plaintiff's self serving allegations, alone, are not sufficient to set forth a prima facie case of employment discrimination.[1]

Because plaintiff has not established that he was disabled, there is no requirement for SRC to offer any accommodation to plaintiff.  Defendant recognizes that an employer has a duty to interact with an employee in a good faith effort to seek a reasonable accommodation after a qualifying employee with a disability requests an accommodation.  *Taylor, supra* at 165.  However, before such duty arises there must be evidence of a qualifying disability, which is not present in the matter at bar.

Summary judgment is properly granted when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion.  Where a nonmoving party fails to establish an essential element of his case to which he has the burden of proof, the moving party is entitled to summary judgment.  *Celotex v. Catrett* (1986), 477 U.S. 317.  "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex, supra*, at 322-323.

### B.  PLAINTIFF WAS NOT SUBJECT TO AN ADVERSE EMPLOYMENT ACTION BECAUSE HE VOLUNTARILY RESIGNED FROM SPECIALTY RESTAURANTS CORPORATION.

An essential element of plaintiff's ADA discrimination claim is that he demonstrate that he suffered an adverse employment decision because of his disability.  Obviously, if he cannot

---

[1] While defendant concedes that a diagnosis of depression may result in a disability and then limitations, there is no expert testimony or evidence in this case to establish either.

establish a qualifying disability, this Court need not address the element of an "adverse employment decision." Plaintiff voluntarily resigned from his position and agreed to stay on for a short period of time to help with the transition. See, Exhibit A. Plaintiff admits that he resigned and SRC accepted that resignation. In short, plaintiff did not suffer from an adverse employment decision. Thus, his claim fails and SRC is entitled to judgment in its favor as a matter of law.

### C. PLAINTIFF HAS FAILED TO ESTABLISH A DISCRIMINATION CLAIM UNDER O.R.C. 4112.01 et seq.

The Supreme Court of Ohio has held that Ohio courts may look to cases and regulations interpreting the federal Americans with Disabilities Act ("ADA") in interpreting the Ohio anti-discrimination statutes. *Columbus Civ. Serv. Comm. v. McGlone* (1998), 82 Ohio St.3d 569, 573. To establish a prima facie case of handicap discrimination under R.C. 4112.02, a plaintiff must show (1) that he or she has a disability, (2) that an adverse employment action was taken by an employer, at least in part, due to the plaintiff's disability, and (3) that the plaintiff can safely and substantially perform the essential functions of the job with or without a reasonable accommodation. *Id.* at 571. The prima facie case under the ADA is virtually identical. *Taylor v. Phoenixville School Dist.* (C.A.3, 1999), 184 F.3d 296, 306. Disability discrimination under the ADA can include both an employer's taking an adverse employment action based on an employee's disability and an employer's failure to make a reasonable accommodation. *Taylor,* 184 F.3d at 306; *Monette v. Electronic Data Sys. Corp.* supra at 1183.

Again, plaintiff has not established through admissible evidence that he was disabled or that he had limitations secondary to a disability. Plaintiff has not established through expert

8

testimony what he can and cannot do secondary to his alleged disability. There is no presumption of disability and to speculate on what plaintiff could or could not do due to an unproven disability is neither proper nor in line with federal or state discrimination law.

## CONCLUSION

For the foregoing reasons, defendant Specialty Restaurants Corporation is entitled to summary judgment in its favor. There are no questions of material fact in dispute and defendant is entitled to judgment, as a matter of law.

Respectfully submitted,

*/s/ Edwin J. Hollern*

**EDWIN J. HOLLERN (0040534)**
HOLLERN & ASSOCIATES
77 North State Street
Westerville, Ohio 43081
(614) 839-5700; 839-4200 (Fax)
ehollern@ejhlaw.com

Trial Attorney for Defendant
Specialty Restaurants Corporation

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served upon John C. Camillus, Attorney for plaintiff, Law Offices of John C. Camillus, P.O. Box 14140, Columbus, Ohio 43214, by facsimile and electronic mail, this 13th day of September, 2013.

*/s/ Edwin J. Hollern*
**EDWIN J. HOLLERN (0040534)**