IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Christopher Taylor** | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 2:12-CV-44** |
| v. | : | |
| | : | **Judge Sargus** |
| **Specialty Restaurants Corporation,** | : | |
| | : | **Magistrate Judge King** |
| **Defendant.** | : | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.      INTRODUCTION**

Defendant Specialty Restaurant Corporation ("SRC") moves for summary judgment on two grounds, both of which are misplaced.

First, Defendant argues that summary judgment is proper because Plaintiff Christopher Taylor supposedly resigned from his employment with SRC, as opposed to being terminated. SRC's argument fails because Taylor's testimony is that he was indeed terminated – in direct contrast to the testimony offered by SRC's witness – thereby creating a quintessential genuine issue of fact that must be resolved at trial.

In further support of this position, Defendant mistakenly argues that summary judgment is proper because Plaintiff has "admitted" that he voluntarily resigned from employment with SRC by virtue of his failure to respond to a Request for Admission asking him to admit to this fact.  Plaintiff, however, did respond to the Request for Admission in question, explicitly denying that he voluntarily resigned his employment with SRC.

Second, Defendant wrongly argues that summary judgment is proper because Plaintiff has failed to identify any expert witness to support his disability claim. The law is well settled, however, that expert testimony is not necessary to establish that a plaintiff is disabled for purposes of an ADA claim.

For these reasons, as set forth in more detail below, SRC's motion for summary judgment should be denied.

**II.  FACTS**

Taylor began his relationship with SRC as an outside consultant retained to improve the performance of the River Club restaurant. [Declaration of Christopher Taylor at ¶ 2; attached hereto as Exhibit 1.] As a result of Mr. Taylor's impressive performance in his role as a consultant, SRC hired Taylor to be the general manager of the River Club restaurant. [Id. at ¶ 3.] Prior to Mr. Taylor's engagement, the River Club ranked 23rd out of 23 restaurants owned by SRC in terms of profitability. [Id. at ¶ 4.] Within a matter of months after Taylor's relationship with the River Club began, the River Club became the most profitable of all 23 SRC restaurants. [Id. at ¶ 4.]

During his employment with SRC, Taylor was diagnosed with clinical depression, acute anxiety, and panic attacks. [Id. at ¶ 5.] These conditions substantially affected Taylor's ability to engage in such major life activities as brain function, thinking, concentrating, interacting with others, sleeping, and caring for himself. [Id. at ¶ 5.] As a result of his disabilities, Taylor requested the reasonable accommodation of being able to work forty-hour work weeks. [Id. at ¶ 6.] This request was directed to Mr. Robert Caldwell of SRC. [Id. at ¶ 6.] Mr. Taylor informed Mr. Caldwell of the need to work reduced hours due to his depression, anxiety, and panic episodes. [Id. at ¶ 7.] SRC initially agreed to permit Taylor to limit his work weeks to

forty hours. [Id. at ¶ 8.] Almost immediately after agreeing to this accommodation, however, SRC began to demand that Taylor work longer and more difficult hours. [Id. at ¶ 9.]

Initially, Mr. Caldwell agreed to Mr. Taylor's requested accommodation, and proposed that Mr. Taylor work a schedule of 11 a.m. to 7 p.m., Tuesday through Saturday. [Id. at ¶ 10.] Although this was not ideal for Plaintiff, Mr. Taylor recognized the accommodation and accepted. [Id. at ¶ 10.] Only days later, while Mr. Caldwell was in the River Club restaurant in Columbus, Mr. Taylor was chastised by Mr. Caldwell for coming to work at 11 a.m. Mr. Taylor reminded Mr. Caldwell of their agreement, and Mr. Caldwell responded by telling Mr. Taylor that Caldwell did not see a way that they could work this out. [Id. at ¶ 11.] Again, Taylor told Caldwell that he wanted to stay, highlighted the increases in business and sales during his tenure, and emphasized his inability to work the long hours with his diagnosed conditions. [Id. at ¶ 11.]

Taylor complained to SRC that SRC was refusing to honor its commitment to permit him to work a schedule that allowed him to manage his disabilities. [Id. at ¶ 12.] He was then promptly terminated from his employment with SRC. [Id. at ¶ 13.] Mr. Taylor never voluntarily resigned his employment. [Id. at ¶ 14.]

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". Fed. R. Civ. P. 56(a). The burden to show that there are no genuine issues of material fact falls on the parties seeking summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court is to consider the evidence in the light most favorable to the non-moving

parties, drawing all justifiable inferences in their favor. *Id.* The ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law. *Id.* at 251-52.

IV. **ARGUMENT**

    A. **Genuine issues of material fact preclude summary judgment on the question of whether Plaintiff was terminated.**

In arguing that Plaintiff was not terminated, but rather, voluntarily resigned, Defendant has the burden on summary judgment of pointing to evidence in the record establishing that there is no genuine dispute regarding a material fact. "The burden of establishing the nonexistence of a material factual dispute always rests with the movant." *Smith v. Hudson*, 600 F.2d 60, 64 (6th Cir. 1979) (citing *Adickes v. Kress & Co.*, 398 U.S. 144, 159 (1970)). In an attempt to meet this burden, Defendant cites to two sources: the affidavit of Robert Caldwell, and the purported failure of Plaintiff to respond to a Request for Admission directed at this issue. Both arguments are misplaced.

The affidavit of Mr. Caldwell states that Mr. Taylor "voluntarily resigned" from SRC. [Caldwell Affidavit at ¶ 8.] Mr. Caldwell's affidavit testimony cannot support summary judgment, however, because it is directly contracted by the declaration of Plaintiff, who testifies that he did not resign but was terminated from his position with SRC. [Taylor Declaration at ¶¶ 14, 15.] This conflicting testimony, of course, prevents summary judgment. Indeed, as all evidence must be construed in the light most favorable to the non-moving party, for purposes of summary judgment, Mr. Taylor's declaration must be credited, and he must be deemed to have been terminated.

The second basis for Defendant's contention that Mr. Taylor resigned is likewise misplaced. Defendant's wrongly inform the Court that its Request for Admission asking Mr. Taylor to admit that he voluntarily resigned was never answered. Not so. On July 19, 2013, counsel for Plaintiff emailed to counsel for Defendant a set of discovery responses. Those responses included a response to the Request for Admission in question, in which Plaintiff explicitly and unqualifiedly denied that he voluntarily resigned from SRC. [A true and accurate copy of the email providing such responses is attached hereto as Exhibit 2; a true and accurate copy of the discovery responses attached to the email is attached hereto as Exhibit 3.] Because Plaintiff has denied that he voluntarily resigned, SRC's argument to the contrary is misplaced.

### B. Plaintiff is not required to provide expert testimony.

Defendant's second argument is equally misplaced. Defendant contends that Plaintiff cannot establish that he was disabled for purposes of an ADA analysis because he has not disclosed any experts or expert reports in support of his claim. Defendant, however, provides no legal support for this argument, simply asserting, without citation to any authority, that "[e]xpert testimony is necessary to prove that [Plaintiff] was disabled and that he had limitations that resulted from the disability." In contrast to Defendant's naked assertion, the law is clear that an ADA Plaintiff is not required to provide any such expert testimony. *See*, *e.g.*, *York v. Forest View Psychiatric Hosp.*, 2011 U.S. Dist. LEXIS 27667, *8 (W.D. Mich. Jan. 28, 2011) ("Defendant's brief does not cite any authority to support its argument that expert witnesses are required to prove claims under the ADA or the Rehabilitation Act. Other courts have concluded that expert testimony is not necessary to establish an ADA claim."), and *9-10 ("The court agrees with these authorities that while medical testimony is an important factor in establishing plaintiff's ADA claim, plaintiff's failure to identify expert witnesses is not necessarily fatal to

that claim."); *Hansen v. Liberty Partners, LLC*, 2005 U.S. Dist. LEXIS 39187, 2005 WL 3527162 (M.D. Tenn. Dec. 22, 2005) (rejecting the argument that expert testimony is necessary in order to establish disability or handicap under the Fair Housing Act); *Head v. Glacier Northwest, Inc.*, 413 F.3d 1053, 1059 (9th Cir. 2005) (holding that while medical testimony may be helpful to establish whether one cannot perform a major life activity, a plaintiff's testimony alone may establish a genuine issue of material fact on the issue); *Clark v. Whirlpool Corp.*, 109 Fed. Appx. 750, 754 (6th Cir. 2004) (holding, under state statute analogous to ADA, that "plaintiff's subjective complaints of disabling pain may be sufficient to prove that she was 'handicapped,' as that term is defined in the statute; there is no requirement that the plaintiff bolster that testimony with corroborating medical evidence"); *Katz v. City Metal Co.*, 87 F.3d 26, 32 (1st Cir. 1996) ("it is certainly within the realm of possibility that a plaintiff himself in a disabilities case might offer a description of treatments and symptoms over a substantial period that would put the jury in a position where it could determine that he did suffer from a disability within the meaning of the ADA"); *Colwell v. Suffolk County Police Dep't*, 967 F. Supp. 1419, 1425-26 (E.D.N.Y. 1997) (holding that "nothing in the ADA compels the conclusion that medical evidence is necessary to establish disability status").

As a result, Plaintiff's decision not to retain an expert with regard to his disability neither requires nor permits the Court to grant summary judgment in favor of SRC.

## V.  CONCLUSION

Both bases proffered by SRC in support of summary judgment in its favor are misplaced. Plaintiff's testimony and Mr. Caldwell's testimony conflict as to whether Plaintiff was terminated or voluntarily resigned, and summary judgment is therefore improper with regard to whether Plaintiff suffered an adverse employment action.  In addition, plaintiffs in ADA actions

are not required to provide expert medical testimony to establish their claim.  For these reasons, SRC's motion for summary judgment must be denied.

                                  Respectfully submitted,

                                  /s John C. Camillus
                                  John C. Camillus, Trial Attorney     (0077435)
                                  Law Offices of John C. Camillus, LLC
                                  P.O. Box 141410
                                  Columbus, Ohio  43214
                                  (614) 558-7254
                                  (614) 559-6731 (Facsimile)
                                  jcamillus@camilluslaw.com

                                  Attorney for Plaintiff
                                  Christopher Taylor

## **CERTIFICATE OF SERVICE**

     I hereby certify that on October 7, 2013, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

                                  /s/ John C. Camillus