UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTOPHER TAYLOR,
Plaintiff,

v.

Case No. 2:12-cv-044
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah McCann King

SPECIALTY RESTAURANTS
CORPORATION,
Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 18.) For the reasons the follow, the Court **GRANTS** Defendant's Motion.

### I.

The Court sets forth the uncontroverted facts and Plaintiff's version of the controverted facts in accordance with the applicable summary judgment standard set forth below.

On approximately May 29, 2010, Plaintiff began his relationship with Specialty Restaurants Corporation ("SRC" or "Defendant") as an independent consultant to serve as acting general manager of the restaurant the River Club. On July 15, 2010, SRC extended to Plaintiff a written offer of permanent employment as the general manager. Plaintiff accepted the offer.

Approximately three months later, sometime in October 2010, Plaintiff was diagnosed with clinical depression, acute anxiety, and panic attacks. (Pl. Decl. at ¶ 5; ECF No. 19-1.) Plaintiff requested from SRC the accommodation of working forty-hour weeks. *Id.* at ¶ 6. Plaintiff was initially granted permission to work 40 hour weeks, but almost immediately afterwards the permission was withdrawn. *Id.* at ¶¶ 8–10.

Plaintiff complained to SRC that it "was refusing to honor its commitment to permit

[Plaintiff] to work a schedule that allowed [him] to manage [his] disabilities." *Id.* at ¶ 12. Plaintiff worked a 40 hour week until November 23, 2010, when a new general manager was hired. SRC then terminated Plaintiff. *Id.* at ¶ 15.

On January 16, 2012, Plaintiff filed this action, alleging that SRC discriminated and/or retaliated against him based on his disabilities or his complaints about its failure to accommodate his disabilities. Defendant filed a counterclaim for a *pro rata* repayment of a relocation allowance it had paid to Plaintiff.

On September 12, 2013, Defendant moved for summary judgment on Plaintiff's disability discrimination claim. (ECF No. 18.) That motion is ripe for review. (ECF Nos. 19, 20.)

## II.

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (the requirement that a dispute be "genuine" means that there must be more than "some metaphysical doubt as to the material facts"). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Liberty Lobby*, 477 U.S. at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

2

## III.

Plaintiff brings his disability discrmination claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12102 *et seq.* ("ADA"), and Chapter 4112 of the Ohio Revised Code. Plaintiff's state law disability discrimination claims may be analyzed under analogous federal law. *Martin v. Barnestille Exempted Vill. Sch. Dist. Bd. of Educ.*, 209 F.3d 931, 934 n. 2 (6th Cir. 2000) ("Both federal and Ohio disability discrimination actions require the same analysis."). The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

To establish a disability discrimination claim when no direct evidence of discrimination is submitted, as is the situation here, a plaintiff must make his case with indirect evidence under the *McDonnell Douglas* burden-shifting framework, which first requires him to establish a *prima facie* case. *Martin v. Barnesville Exempted Vill. Sch. Dist. Bd. of Educ.*, 209 F.3d 931, 934 (6th Cir. 2000) (citing *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1186 (6th Cir. 1996)). Once the plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. The burden then shifts back to the plaintiff to demonstrate that the employer's stated reason is a pretext for discrimination. *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

"To establish a *prima facie* case under the Americans with Disabilities Act, [P]laintiff must show: (1) he was 'disabled' under the ADA; (2) he was otherwise qualified to perform the essential functions of the job; (3) he suffered an adverse employment action and (4) a nondisabled person replaced him." *Id.* (citing *Monette*, 90 F.3d at 1186). Defendant moves for

3

summary judgment, arguing that Plaintiff cannot set forth a *prima facie* case of discrimination because, among other reasons, he is not disabled.

Determining whether a plaintiff is disabled requires an individualized, case-by-case inquiry. *MX Group, Inc. v. City of Covington*, 293 F.3d 326, 337 (6th Cir. 2002). The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of having such an impairment; or (c) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Plaintiff focuses only on subsection (A), arguing that he suffers from clinical depression, acute anxiety, and panic attacks.

> The Supreme Court has fashioned a three-step approach to reading subsection (A) of this definition. First, the Court considers whether a condition is an impairment; second, it identifies the life activity that the plaintiff relies upon and determines whether it constitutes a major life activity; and third, the Court asks whether the impairment substantially limits the major life activity.

*Williams v. Stark Cnty. Bd. of Cnty. Comm'rs.*, 7 F. App'x 441, 445 (6th Cir. 2001) (footnote omitted) (citing *Bragdon v. Abbott*, 524 U.S. 624, 630–31 (1998)).

The parties assume, as will the Court for the purposes of the instant analysis, that clinical depression, acute anxiety, and panic attacks qualify as impairments under the ADA. However, "Courts have repeatedly held that merely having an impairment or medical diagnosis does not make a plaintiff disabled under the ADA." *Damron v. Butler Cnty. Children's Servs.*, 1:08-CV-257, 2009 WL 5217086 (S.D. Ohio Dec. 30, 2009) (citing *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 195 (2002); *MX Group, Inc.*, 293 F.3d at 337). Plaintiff must also show that one or more of the impairments substantially limits a major life activity. *See id.*

"Substantially limits" means "unable to perform a major life activity that the average person in the general population can perform; or significantly restricted as to the condition,

4

manner or duration under which an individual can perform a particular major life activity." 29 C.F.R. § 1630.2(j)(1). Factors to be considered include "the nature and severity of the impairment; the duration or expected duration of the impairment; and the permanent or long-term impact, or the expected permanent or long-term impact of or resulting from the impairment." *Id.* at § 1630.2(j)(2).

The only evidence submitted by Plaintiff in this action is his own declaration. Within that declaration, Plaintiff addresses the extent of his alleged impairments in one paragraph, which provides in its entirety:

> During my employment with SRC, I was diagnosed with clinical depression, acute anxiety, and panic attacks. These conditions substantially affected my brain function, thinking, and concentration, substantially impaired my ability to interact with others, significantly interfered with my sleep, and caused me numerous problems in simply caring for myself.

(Pl. Decl. at ¶ 5.)

Because the parties make no arguments related to major life activities, the Court will assume for purposes of the present analysis that brain function, thinking, concentration, interaction with others, sleeping, and caring for oneself are major life activities. Defendant asserts that Plaintiff has failed to raise a genuine issue of material fact as to whether he is substantially limited in any of these activities. This Court agrees.

Plaintiff's evidence does not provide any information upon which this Court can determine whether Plaintiff was "unable to perform a major life activity that the average person in the general population can perform; or significantly restricted as to the condition, manner or duration under which [he] can perform a particular major life activity." 29 C.F.R. § 1630.2(j)(1). Plaintiff provides no evidence at all regarding the duration or expected duration of the alleged

5

impairments, or their permanent or long term impact or the expected permanent or long term impact. This leaves the nature and severity of the impairments as the only factor for consideration. As to that factor, Plaintiff's Declaration provides only conclusions, as opposed to facts, as to how the alleged impairments "substantially affected" his major life activities. *See id.* (the impairments "substantially affected," substantially impaired," "significantly interfered," and "caused [him] numerous problems"). These conclusions provide nothing for the Court to compare to the hypothetical average person in the general population.

In his memorandum in opposition to Defendant's summary judgment motion, Plaintiff correctly asserts that he is not required to put forth expert testimony to establish a *prima facie* case. And, Plaintiff also correctly highlights the proposition that a plaintiff's subjective complaints of disabling pain may be sufficient to prove that he was disabled. Here, however, there are no such complaints. Indeed, by Plaintiff's own testimony, he was able to perform sufficiently his work for 40 hours per week for the approximately six weeks prior to his last employment with Defendant.

Moreover, the cases upon which Plaintiff relies are easily distinguished on this matter. Each case reviews evidence submitted regarding how each plaintiff was substantially limited in a major life activity. For example, in the only Sixth Circuit case relied upon by Plaintiff, *Clark v. Whirlpool Corp.*, the plaintiff submitted as evidence the following:

> The plaintiff testified that throughout the day she was in constant pain due to the injuries to her neck, back, hips, feet and left knee; she had headaches that required her to take sixteen Ibuprofen each day; she took narcotic pain medication to control her discomfort; she could not control her bowels or bladder; and she had to take medication to help her sleep.

109 F. App'x 750, 754 (6th Cir. 2004). Based on this factually detailed testimony, the Sixth

6

Circuit indicated that "the plaintiff's subjective complaints of disabling pain *may be* sufficient to prove that she was" disabled. *Id.* (emphasis added). The *Clark* court then found that the plaintiff's subjective complaints, along with, *inter alia*, her physician's testimony that "the plaintiff's ability to bend could be impaired due to the surgeries she had on her spine, and that depending on the amount of her pain, Ms. Clark would be restricted in her ability to walk distances, sit or stand for a long period of time, and bend or stoop" was "sufficient evidence to create a question of fact on the first element of her disability discrimination claim." *Id.* There is no similar evidence before this Court.

Plaintiff has failed to raise any genuine issue of material fact as to whether his alleged impairments substantially limited any major life activity. Accordingly, Plaintiff has failed to set forth the first element in his *prima facie* case of disability discrimination, and Defendant is entitled to summary judgment on that claim.

## IV.

For the reasons set forth above, the Court **GRANTS** Defendant's Motion for Summary Judgment. (ECF No. 18.)

**IT IS SO ORDERED.**

1-13-2014
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT COURT**

7