# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CHRISTOPHER TAYLOR,**

    **Plaintiff,**

                                  **Case No. 2:12-cv-44**

**v.**                                **JUDGE EDMUND A. SARGUS, JR.**

                                  **Magistrate Judge Norah McCann King**

**SPECIALTY RESTAURANTS CORP.,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration. (ECF No. 24.) For the reasons that follow, the Court **GRANTS** Plaintiff's motion.

### I.

On January 16, 2012, Plaintiff Christopher Taylor filed this action in which he alleged that he was discriminated and retaliated against by his former employer Defendant Specialty Restaurants Corporation. On September 12, 2013, Defendant moved for summary judgment, arguing that Plaintiff could not establish a prima facie case of disability discrimination.[1] In its Opinion and Order granting Defendant's motion, the Court set forth the following background facts:

> The Court sets forth the uncontroverted facts and Plaintiff's version of the controverted facts in accordance with the applicable summary judgment standard set forth below.
>
> On approximately May 29, 2010, Plaintiff began his relationship with Specialty Restaurants Corporation ("SRC" or "Defendant") as an independent

---

[1] Defendant did not move for summary judgment on Plaintiff's claim of retaliation. At the status conference held in this case prior to Plaintiff filing his Motion for Reconsideration, the parties appeared to agree that Plaintiff's disability discrimination claim and his retaliation claim rise and fall together. Defendant, however, has now set forth an argument as to why Plaintiff's claim of retaliation fails. A memorandum in opposition to a motion for consideration of a disability claim is not the proper platform to initially move for summary judgment on a retaliation claim.

consultant to serve as acting general manager of the restaurant the River Club. On July 15, 2010, SRC extended to Plaintiff a written offer of permanent employment as the general manager. Plaintiff accepted the offer.

Approximately three months later, sometime in October 2010, Plaintiff was diagnosed with clinical depression, acute anxiety, and panic attacks. (Pl. Decl. at ¶ 5; ECF No. 19-1.) Plaintiff requested from SRC the accommodation of working forty-hour weeks. *Id.* at ¶ 6. Plaintiff was initially granted permission to work 40 hour weeks, but almost immediately afterwards the permission was withdrawn. *Id.* at ¶¶ 8–10.

Plaintiff complained to SRC that it "was refusing to honor its commitment to permit [Plaintiff] to work a schedule that allowed [him] to manage [his] disabilities." *Id.* at ¶ 12. Plaintiff worked a 40 hour week until November 23, 2010, when a new general manager was hired. SRC then terminated Plaintiff. *Id.* at ¶ 15.

On January 16, 2012, Plaintiff filed this action, alleging that SRC discriminated and/or retaliated against him based on his disabilities or his complaints about its failure to accommodate his disabilities. Defendant filed a counterclaim for a *pro rata* repayment of a relocation allowance it had paid to Plaintiff.

(Opinion and Order Granting Def.'s Mot. for Summ. J. at 1–2; ECF No. 21.)

The Court next set forth the law regarding Plaintiff's disability claim, and specifically her prima facie burden.

"To establish a prima facie case under the Americans with Disabilities Act, [P]laintiff must show: (1) he was 'disabled' under the ADA; (2) he was otherwise qualified to perform the essential functions of the job; (3) he suffered an adverse employment action and (4) a nondisabled person replaced him." Id. (citing *Monette*, 90 F.3d at 1186). Defendant moves for summary judgment, arguing that Plaintiff cannot set forth a prima facie case of discrimination because, among other reasons, he is not disabled.

Determining whether a plaintiff is disabled requires an individualized, case-by-case inquiry. *MX Group, Inc. v. City of Covington*, 293 F.3d 326, 337 (6th Cir. 2002). The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of having such an impairment; or (c) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Plaintiff focuses only on subsection (A), arguing that he suffers from clinical depression, acute anxiety, and panic attacks.

2

> The Supreme Court has fashioned a three-step approach to reading subsection (A) of this definition. First, the Court considers whether a condition is an impairment; second, it identifies the life activity that the plaintiff relies upon and determines whether it constitutes a major life activity; and third, the Court asks whether the impairment substantially limits the major life activity.

*Williams v. Stark Cnty. Bd. of Cnty. Comm'rs.*, 7 F. App'x 441, 445 (6th Cir. 2001) (footnote omitted) (citing *Bragdon v. Abbott*, 524 U.S. 624, 630–31 (1998)).

*Id.* at 3–4.

This Court granted Defendant's Motion for Summary Judgment, finding that Plaintiff failed to establish the first element of his prima facie case because he failed to raise any genuine issue of material fact as to whether his alleged impairments substantially limited any major life activity. Plaintiff has moved for reconsideration of that decision.

## II.

Plaintiff moves under Rule 59(e) of the Federal Rules of Civil Procedure which allows district courts to correct their own errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). The decision of whether to grant relief under Rule 59(e) is left to the district court's sound discretion. *In re Ford Motor Co. Securities Litigation, Class Action*, 381 F.3d 563, 573 (6th Cir. 2004). A motion to amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). A motion to alter or amend a judgment is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources. *Am. Textile Mfrs. Institute, Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1997). A Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to

3

advance positions that could have been argued earlier, but were not. *Sault Ste. Marie Tribe of Indian Tribes v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

## III.

Plaintiff contends that he is entitled to reconsideration of the Court's Opinion and Order granting Defendant summary judgment on Plaintiff's discrimination claim because (A) Defendant did not move for summary judgment on the ground that Plaintiff was not disabled, (B) Defendant never met its burden of citing summary judgment evidence to establish that Plaintiff was not disabled, and (C) this Court relied upon the version of the regulations that were in effect prior to the enactment of the ADA Amendments Act of 2008 ("ADAAA"), causing it to conclude that Defendant was entitled to summary judgment.

### A. Defendant's Motion for Summary Judgment

Plaintiff maintains that this Court should reconsider its decision in which it found Plaintiff failed to raise an issue of fact as to whether he was disabled because Defendant did not move for summary judgment on the ground that Plaintiff was not disabled, and instead moved based on the argument that Plaintiff was required to provide expert testimony to substantiate his disability. Plaintiff contends that he was, therefore, "not on notice that he needed to provide summary judgment evidence that he was disabled." (Pl.'s Mot. for Reconsideration at 1; ECF No. 24.) Plaintiff's argument is not well taken.

While Defendant certainly placed its emphasis on the mistaken belief that Plaintiff was required to produce expert testimony to establish that he suffered from a qualifying disability, Defendant clearly moved for summary judgment based on the position that Plaintiff could not show he was disabled. Defendant specifically stated that "plaintiff has never produced any objective medical evidence that he suffers from a qualifying disability or that the alleged

4

disability resulted in some sort of limitation to plaintiff's ability to work for SRC." (Def.'s Mot. for Summ. J. at 2; ECF No. 18.) Defendant further argued: "Within the period for discovery plaintiff has failed to produce any evidence that he suffered from a qualifying disability. Plaintiff has failed to produce any evidence that a qualifying disability resulted in an impairment that would require SRC to accommodate his limitations." *Id.* at 3. The Court finds that Plaintiff was certainly on notice that Defendant was moving for summary judgment based on the argument that he was not disabled as that term is defined under the ADA.

## B. Defendant's Burden at Summary Judgment

Plaintiff next argues that "even if Defendant had in fact moved for summary judgment on the grounds that Plaintiff was not disabled, Rule 56 imposes an obligation on Defendant, as movant, to point to evidence in the record to establish, in the first instance, that there is no genuine issue of fact." (Pl.'s Mot. for Reconsideration at 4) (citing *Smith v. Hudson*, 600 F.2d 60, 64 (6th Cir. 1979) ("The burden of establishing the nonexistence of a material factual dispute always rests with the movant.")). Plaintiff then posits that Defendant failed to meet its burden of establishing the nonexistence of a material fact because:

> There were no documents establishing that he was not disabled. There was no testimony that Plaintiff was not disabled.

(Pl.'s Reply in Support of Mot. for Reconsideration at 4.)

Plaintiff's analysis, however, misses the mark. Defendant was not required to point to evidence that would establish that Plaintiff was not disabled. Rule 56 requires only that a movant identify those portions of the record which demonstrate "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). As can be seen by the portions of Defendant's motion cited above, Defendant did point to what it believed showed the

5

absence of a genuine issue of material fact. *See id.* (arguing Plaintiff failed to offer evidence that would establish he was disabled).

## C. ADAAA

In Plaintiff's final argument, he points out that in its decision this Court relied on a version of the regulations that were amended when the ADAAA was enacted, which permitted it to erroneously conclude that Defendant was entitled to summary judgment. Plaintiff's argument is well taken.

Under pre-ADAAA case law, Plaintiff's evidence certainly failed to demonstrate a substantial limitation of any major life activity. But post-ADAAA, the result is more uncertain given the statute's command that "substantially limits" is not meant to be a demanding standard. And, there is relatively little case law applying the more relaxed post-ADAAA standard for substantial limitation. *See Estate of Murray v. UHS of Fairmount, Inc.*, No. 10-2561, 2011 WL 5449364 (E.D. Pa. Nov. 10, 2011).

In passing the ADAAA, Congress intended to "reinstat[e] a broad scope of protection to be available under the ADA" and to reject the "inappropriately high" standards for interpreting the term "substantially limits" created by two Supreme Court decisions: *Sutton v. United Air Lines*, 527 U.S. 471 (1999) and *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184 (2002). ADA Amendments Act of 2008, Pub.L. 110–325, 122. Stat. 3553, § 2 (2008). Congress stated that, as a result of these decisions, "lower courts have incorrectly found in individual cases that people with a range of substantially limiting impairments are not people with disabilities." ADA Amendments Act of 2008, Pub.L. 110–315, § 2(a)(6). Congress specifically rejected *Toyota's* holding that the terms "substantially" and "major" should be "interpreted strictly to create a

6

demanding standard for qualifying as disabled." ADA Amendments Act of 2008, Pub.L. 110–315, § 2(b)(4).

The ADAAA implementing regulations provide that the Court should not undertake an extensive analysis in determining whether a plaintiff is "disabled," providing that:

> The primary purpose of the ADAAA is to make it easier for people with disabilities to obtain protection under the ADA. Consistent with the Amendments Act's purpose of reinstating a broad scope of protection under the ADA, the definition of "disability" in this part shall be construed broadly in favor of expansive coverage to the maximum extent permitted by the terms of the ADA. The primary object of attention in cases brought under the ADA should be whether covered entities have complied with their obligations and whether discrimination has occurred, not whether the individual meets the definition of disability. The question of whether an individual meets the definition of disability under this part should not demand extensive analysis.

29 C.F.R. § 1630.1(c)(4).

The regulations provide that the "individualized assessment of some types of impairments will, in virtually all cases, result in a determination of coverage. . . ." 29 C.F.R. § 1630.2(j)(3)(ii). The regulations further provide that, with certain specified impairments, "it should be easily concluded that [the impairments] . . . substantially limit the major life activities indicated." 29 C.F.R. § 1630.2(j)(3)(iii). For example, "[d]eafness substantially limits hearing; blindness substantially limits seeing." 29 C.F.R. § 1630.2(j)(3)(iii). More relevant to Plaintiff's case, the regulations state that the Court should easily conclude that "major depressive disorder . . . substantially limit[s] brain function." 29 C.F.R. § 1630.2(j)(3)(iii).

Based upon these regulations, Plaintiff argues that the evidence before the Court "functionally establishes his disability." (Pl.'s Mot. for Reconsideration at 2.) Plaintiff, however, is incorrect. As other district courts have noted, "the ADAAA left untouched the plaintiff's burden of proof; he still has to prove he has a disability." *Lloyd v. Hous. Auth. of the City of Montgomery, Ala.*, 857 F. Supp. 2d 1252, 1263-64 (M.D. Ala. 2012); *Wirey v. Richland*

7

*Community Center*, No. 10-CV-02216, 2012 WL 6681214 (C.D. Ill. Dec. 21, 2012). Nevertheless, given the stated intent of the ADAAA, the statute's command to construe "disability" broadly, and the dearth of post-ADAAA case law opining on the issue, the Court declines to grant summary judgment to Defendant on the basis of Plaintiff failing to make out a prima facie case of "disability" under the ADA. *See Estate of Murra*, 2011 WL 5449364, at *8 (declining to grant summary judgment based on failure to set forth a prima facie case even though "[t]he Court recognize[d] that the record as to whether [the plaintiff]'s depression substantially limits her major life activities [wa]s incredibly sparse."); *Naber v. Dover Healthcare Assoc., Inc.*, 765 F. Supp.2d 622 (D. Del. 2011) (same). Accordingly, the Court finds that Plaintiff has shown that there is an issue of material fact as to whether he suffered from a qualifying disability.

## IV.

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion for Reconsideration (ECF No. 24) and **VACATES** its decision granting Defendant summary judgment on Plaintiff's claim of disability discrimination (ECF No. 21).

**IT IS SO ORDERED.**

9-30-2014
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**